UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and CARTIER INTERNATIONAL A.G.,<br><br>Plaintiffs,<br><br>v.<br><br>PHMN9Y3V, PHMN9Y3V JEWELRY, AMAZING JEWELRY YOU WANT, VFDNYTU, MIAO-HE, BYQONE US, BYQONE NETWORK, YINJI, and DOES 1-10,<br><br>Defendants. | CASE NO. C22-840 MJP<br><br>ORDER DENYING EX PARTE MOTION TO CONSOLIDATE |

This matter comes before the Court on Plaintiffs' Ex Parte Rule 42 Motion to Consolidate Cases. (Dkt. No. 7.) Having reviewed the Motion, the Complaint in this matter and the Complaint in C22-841 MJP, and all supporting materials, the Court DENIES the Motion without prejudice.

Plaintiffs have filed two separate lawsuits alleging what they assert to be "nearly identical causes of action based on similar fact patterns." (Dkt. No. 7 at 2.) Plaintiffs pursue Lanham Act

and Washington Consumer Protection Act claims in both lawuits, but they assert them against apparently distinct defendants. The cases are C22-840 MJP and C22-841 MJP. Although Plaintiffs chose to file these lawsuits separately, they now ask the Court to consolidate them for all further proceedings.

Under Rule 42(a), the Court may consolidate cases that involve common questions of law or fact. Fed. R. Civ. P. 42(a). The Court enjoys broad discretion in making this determination. See Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). The Court usually considers several factors in analyzing consolidation, including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2383 (3rd ed. 2020).

The Court finds that the question of consolidation is premature at this early stage of the litigation. Having reviewed the Complaints in both cases, the Court is satisfied that the lawsuits share related issues of law and some overlapping facts. Consolidation would help ensure consistent resolution of issues of law. But given that both cases are assigned to the same Judge, the risk of inconsistent legal determinations is slim. Moreover, the cases involve distinct defendants and allegedly improper acts. Given this variation, it unclear whether consolidation would expedite resolution of the cases. And because no defendant has been served and Plaintiffs have moved ex parte, the Court is faced with determining in a vacuum whether consolidation would prejudice the defendants. To this end, the Court is not convinced by Plaintiffs' unsupported assertion that "Defendants will suffer no prejudice by consolidation." (Dkt. No. 7 at 4.) That point must be tested once defendants have been served and have an opportunity to

1  respond. The Court therefore DENIES the Motion without prejudice. Plaintiffs may renew their
2  request for consolidation after defendants have been served and appeared.
3      The clerk is ordered to provide copies of this order to all counsel.
4      Dated July 7, 2022.

Marsha J. Pechman
United States Senior District Judge