UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and CARTIER INTERNATIONAL A.G., <br><br>  Plaintiffs, <br><br> v. <br><br> PHMN9Y3V, PHMN9Y3V JEWELRY, AMAZING JEWELRY YOU WANT, VFDNYTU, MIAO-HE, BYQONE US, BYQONE NETWORK, YINJI, and DOES 1-10, <br><br> Defendants. | CASE NO. C22-840 MJP <br><br> ORDER GRANTING EX PARTE MOTION FOR EXPEDITED DISCOVERY |

This matter comes before the Court on Plaintiffs' Ex Parte Motion for Expedited Discovery. (Dkt. No. 11.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion.

# BACKGROUND

Plaintiffs Amazon.com Inc., Amazon.com Services LLC, and Cartier International A.G. claim that Defendants advertised and sold counterfeit Cartier products in violation of Cartier's intellectual property rights. (See Complaint ¶¶ 1, 10, 24, 30, 43-44, 71-72, and 100.) Plaintiffs pursue various trademark claims and a claim under the Washington Consumer Protection Act. (See id.)

Plaintiffs seek leave to serve third-party subpoenas to identify the defendants named in this action. (Dkt. No. 11.) The request itself comes with a certain amount of irony. Despite a purportedly "robust seller verification process," Amazon approved these seven seller accounts—allowing them to sell goods on Amazon's platform—without actually verifying the identities of the individuals behind them. The names of the seller accounts themselves should likely have raised some red flags as to whether they were legitimate: (1) Phmn9y3v Jewelry; (2) Amazing Jewelry You Want; (3) Vfdnytu; (4) Miao-He; (5) Byqone US; (6) Byqone Network; and (7) Yinji. (See Mot. at 2 n.2.) But it was not until Amazon filed this suit that it claims to have performed some investigation and discovered that six of them are connected to single family homes whose owners have no connection to the seller accounts, and all seven have Chinese business and billing addresses that are likely fake. (See Declaration of Scott Commerson ¶¶ 3, 5 (Dkt. No. 13).) Indeed, four of the defendants "provided business addresses to Amazon that actually relate to other businesses and appear to have no relation to the named business registering the Selling Account." (Id. ¶ 5.) Plaintiffs now seek leave to serve third-party subpoenas on entities with whom Defendants have accounts so that Plaintiffs might be able to identify the entities and persons associated with the seller accounts for purpose of completing service. The third-party entities are: PingPong Global Solutions Inc.; LL Pay U.S., LLC,

1  Microsoft Corporation; Nghia Choung; Meta Platforms, Inc.; and Linktree, Inc. Plaintiffs
2  maintain the subpoenas are intended only to allow them to identify the underlying individuals
3  and entities associated with the seller accounts for purpose of completing service. (Commerson
4  Decl. ¶ 12.)

## ANALYSIS

6  Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any
7  source before the parties have conferred as required by Rule 26(f), except in a proceeding
8  exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by
9  stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts may permit expedited discovery
10 before the parties' Rule 26(f) conference only upon a showing of good cause. See Am. LegalNet,
11 Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause may be found where
12 the need for expedited discovery, in consideration of the administration of justice, outweighs the
13 prejudice to the responding party." Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273,
14 276 (N.D. Cal. 2002). "Factors commonly considered in determining the reasonableness of
15 expedited discovery include, but are not limited to: (1) whether a preliminary injunction is
16 pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited
17 discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in
18 advance of the typical discovery process the request was made." Am. LegalNet, 673 F. Supp. 2d
19 at 1067 (internal quotation marks omitted). But at a minimum, the moving party must
20 demonstrate adequate diligence and good faith to satisfy the "good cause" standard. See Johnson
21 v. Mammoth Recreations, Inc., 975 F.2d 604, 609l (9th Cir. 1992); see also Amazon.com, Inc. v.
22 Yong, No. 21-170RSM, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021).

1    The Court here finds good cause to allow the expedited discovery. Plaintiffs seek the
2 discovery to enable them to identify Defendants and effectuate service. Counsel avers that they
3 have undertaken extensive efforts to identify the true identities of Defendants and their addresses
4 for service without any luck. (See Commerson Decl. ¶¶ 2-6.) The Court contrasts this diligence
5 with Amazon's apparent lack of diligence when it allowed Defendants to open seller accounts on
6 its platform in the first instance. But given the procedural posture, the diligent investigation
7 conducted to date, and the fact that Plaintiff Cartier International A.G. had no apparent role in
8 allowing these sellers to open accounts with Amazon, the Court finds there to be sufficient
9 diligence to satisfy good cause. Expedited discovery will allow the claims asserted to proceed if
10 Plaintiffs can properly identify and serve Defendants. This does not appear to allow Plaintiffs
11 any unfair advantage or reward bad faith. Instead, the interests of justice will be served by
12 allowing this departure from the normal discovery rules to help Plaintiffs complete service. And
13 the Court does not find that Defendants face any prejudice from allowing this limited relief. The
14 Court therefore GRANTS the Motion.

## CONCLUSION

16    The Court GRANTS the Motion for Expedited Discovery. Plaintiffs are granted leave
17 prior to the Rule 26(f) conference to serve Rule 45 subpoenas on: (1) PingPong Global Solutions
18 Inc.; (2) LL Pay U.S., LLC; (3) Microsoft Corporation; (4) Nghia Choung; (5) Meta Platforms,
19 Inc.; and (6) Linktree, Inc. Plaintiffs shall provide a copy of this Order with each subpoena
20 issued pursuant to this Order.
21 \\
22 \\
23 \\
24

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated October 21, 2022.

*[signature]*

Marsha J. Pechman
United States Senior District Judge