The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and CARTIER INTERNATIONAL A.G., a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>An individual d/b/a PHMN9Y3V; Individuals and entities doing business as the following Amazon Selling Accounts: PHMN9Y3V JEWELRY; AMAZING JEWELRY YOU WANT; VFDNYTU; MIAO-HE; BYQONE US; BYQONE NETWORK; YINJI; and DOES 1-10,<br><br>Defendants. | No. 2:22-cv-00840-MJP<br><br>**PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br>*WITHOUT ORAL ARGUMENT*<br><br>NOTE ON MOTION CALENDAR: DECEMBER 29, 2022 |

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), and Cartier International A.G. ("Cartier") (together with Amazon, "Plaintiffs") respectfully move the Court for an order granting leave to serve third-party subpoenas prior to the Rule 26(f) conference in order to discover information regarding the true locations and identities of Defendants and other bad actors involved in their counterfeiting scheme.[1] The Court previously granted Plaintiffs expedited discovery on October 21, 2022 (Dkt. 14), and the discovery produced in response to that order revealed that other third parties likely possess relevant information needed to locate and identify Defendants. Specifically, materials obtained through discovery indicate that the Defendants used the digital payment platform PayPal, Inc. ("PayPal")[2] to receive payments in connection with their counterfeiting scheme. Plaintiffs now seek leave to serve subpoenas on PayPal and all financial institutions learned of through PayPal's subpoena production. Without this expedited discovery, Plaintiffs cannot obtain crucial information about Defendants, and Plaintiffs will be left without a means to recover for Defendants' harm.

## II. BACKGROUND

### A. Defendants' Counterfeiting Scheme

Amazon offers third-party sellers and brand owners the ability to sell products in the Amazon.com store (the "Amazon Store") by registering a selling account. Defendants used seven different selling accounts (the "Selling Accounts")[3] to advertise and sell counterfeit Cartier products in violation of Cartier's intellectual property rights and in direct contravention of Amazon's anti-counterfeiting terms and policies. Compl. (Dkt. 1) ¶¶ 1, 10, 24, 30, 43–44,

---

[1] Plaintiffs were unable to meet and confer with Defendants prior to filing this Motion because they have not been able to ascertain Defendants' true identities and locations, despite their diligent efforts described below.

[2] PayPal is a digital payment platform that allows account users to send and receive money, and make purchases by connecting a payment method to a PayPal account. *See* PayPal, Inc. - Who We Are - History & Facts (pypl.com) (accessed December 15, 2022).

[3] Defendants operated the following Selling Accounts: Phmn9y3v Jewelry; Amazing Jewelry You Want; Vfdnytu; Miao-He; Byqone US; Byqone Network; and Yinji. *See* Compl. ¶¶ 15–21.

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 2

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

71–72, and 100; Compl. Ex. B ¶ 5 and Ex. C at 1–2. The Defendants responsible for operating the Selling Accounts are referred to as the "Trafficker Defendants."

The Trafficker Defendants coordinated with an individual operating multiple social media accounts under the handle "Phmn9y3v" (the "Social Media Defendant") in a sophisticated scheme intended to circumvent Amazon's counterfeit detection controls. Specifically, the Social Media Defendant used social media accounts on at least two platforms—Instagram[4] and Linktree[5]—to direct her followers to counterfeit Cartier products being sold in the Amazon Store by the Trafficker Defendants. Although the Social Media Defendant's posts identified the products as being Cartier-branded, the Trafficker Defendants' product listing pages in the Amazon Store showed *non-branded*, *non-infringing* products in a deliberate effort to obfuscate their fraudulent activities from both Amazon and Cartier and to avoid Amazon's anti-counterfeiting controls. Compl. ¶¶ 3–4, 46–53. In reality, the products offered for sale by the Trafficker Defendants were Cartier-branded counterfeits, which Cartier has confirmed by inspecting the products shipped by the Trafficker Defendants. *Id*. ¶¶ 3, 24, 50. In other words, the Social Media Defendant and the Trafficker Defendants conspired to use "hidden links" to conceal their promotion and sale of counterfeit products from both Cartier and Amazon. *Id*. ¶¶ 50–51.

Through their illegal actions, Defendants willfully deceived Plaintiffs and their customers, infringed Cartier's intellectual property rights, tarnished Cartier's and Amazon's brands, harmed the integrity of the Amazon Store, and damaged Amazon's and Cartier's customers. *Id*. ¶¶ 9–10, 72, 100, 103. Plaintiffs assert claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114; contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114; false designation of origin and false advertising under the Lanham Act,

---

[4] Instagram is a social media platform owned by Meta that allows users to share photos and videos. *See* https://about.instagram.com/features (accessed December 15, 2022).

[5] Linktree is a platform that enables users to create a single page of links to third-party content that can be posted to, and accessed from, the user's various social media accounts. *See* https://linktr.ee, ("Linktree is a single link that you can add to your bio on any social media platform … that enables you to share many links so your followers and visitors can choose which of your content to connect with.") (accessed December 15, 2022).

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

15 U.S.C. § 1125; contributory false designation of origin and false advertising Lanham Act, 15 U.S.C. § 1125; and unfair and deceptive acts under the Washington Consumer Protection Act, RCW 19.86.010, et seq., for which Plaintiffs seek damages, equitable relief, and their costs and attorneys' fees. *Id*. ¶¶ 74–116.

### B. Procedural History

On September 30, 2022, Plaintiffs sought leave to conduct limited expedited discovery on payment service providers; an email service provider; the owner of the common phone number provided to Amazon by six of the Selling Accounts; and social media platforms connected to the Defendants. Dkt. 11 at 5–7. On October 21, 2022, the Court granted Plaintiffs' motion for expedited discovery on all the requested third-parties: PingPong Global Solutions Inc. ("PingPong"); LL Pay U.S., LLC ("LL Pay"); Microsoft Corporation ("Microsoft"); Nghia Choung ("Choung");[6] Meta Platforms, Inc. ("Meta"); and Linktree, Inc. ("Linktree"). Dkt. 14.

Because the Social Media Defendant used her social media accounts with Meta and Linktree to operate her "hidden links" promotion of the Cartier counterfeit products, Plaintiffs' subpoenas to Meta and Linktree mainly sought information to identify and locate her.[7] Declaration of Scott Commerson ("Commerson Decl.") ¶ 4. On November 21, 2022, in response to Plaintiffs' subpoena, Linktree produced information used by the Social Media Defendant to register and maintain her account with that site. *Id.* ¶ 5. Those materials did not provide a name or location for the Social Media Defendant but did link her Linktree account to a PayPal account. *Id.* Accordingly, the instant Motion seeks relevant information from PayPal.

### C. Plaintiffs' Diligent Attempts to Identify the Social Media Defendant

Plaintiffs have devoted significant time and resources to determine the true identity and location of the Social Media Defendant but this information remains unknown. Plaintiffs' prior investigation revealed that the Social Media Defendant posted photos on her Instagram account

---

[6] Choung is the owner of the common phone number connected to the Phmn9y3v Jewelry, Vfdnytu, Miao-He, Byqone US, Byqone Network, and Yinji Selling Accounts. Commerson Decl. ¶ 2.

[7] By contrast, Plaintiffs' subpoenas to PingPong, LL Pay, Microsoft, and Choung mainly related to the Trafficker Defendants.

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

that display background images of Southern China, and she also used a photograph of a Chinese celebrity who has no apparent connection to her for her profile picture. Commerson Decl. ¶ 3.

Plaintiffs have also reviewed the information produced in response to third-party document subpoenas, and none of it reveals the Social Media Defendant's true identity or location. *Id.* ¶¶ 2, 5–6. However, Linktree's production did reveal that the Social Media Defendant registered an account with the digital payment platform PayPal in connection with her Linktree account—the same Linktree account that she used to direct her followers to the Trafficker Defendants' sale of counterfeit Cartier products. *Id.* ¶ 5. Here, PayPal's records will likely demonstrate, among other things: (1) the name, contact information, and bank account information the Social Media Defendant provided to PayPal when she registered her account; (2) transactions relating to the Social Media Defendant's promotion of counterfeit Cartier products; and (3) the IP addresses from which the Social Media Defendant logged into that account. Plaintiffs now seek additional expedited discovery to obtain this information, which will help Plaintiffs in identifying and locating Defendants. *Id.* ¶¶ 7–8.

**D.  Requested Discovery**

As specified above, Plaintiffs seek expedited discovery from PayPal related to Defendants' counterfeiting scheme. Plaintiffs further request authorization to issue subpoenas duces tecum to any other financial institutions identified through PayPal's production as bank accounts that are linked to the Social Media Defendant's PayPal account.

These subpoenas will be narrowly targeted to seek documents regarding the: (1) name of and contact information for the Social Media Defendant; (2) the IP addresses from which the Social Media Defendant logged into those accounts; and (3) financial records showing the location of the Social Media Defendant's transactions and the identities and locations of the Trafficker Defendants, who likely paid the Social Media Defendant or received payment from her in connection with the counterfeiting scheme. Commerson Decl. ¶ 8. In sum, the subpoenas

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

are intended to uncover the true name and location of the Social Media Defendant, who is at the center of Defendants' counterfeiting operation. *Id*. Because Plaintiffs' proposed expedited discovery is focused, both in scope and as to the third parties Plaintiffs wish to serve, the request is targeted to accomplish the goals discussed *infra* in Section III(A)(2) as authorized by law.

Accordingly, Plaintiffs respectfully request that the Court authorize expedited discovery from PayPal and all financial institutions linked to the PayPal account, relating to the allegations and claims in this case, as specified above.

### III.   ARGUMENT

**A. The Court Should Authorize Early Discovery to Locate the Social Media Defendant and to Help Uncover Those Involved in Their Counterfeiting Scheme**

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Although the Ninth Circuit has not directly defined the standard for allowing expedited discovery, "courts in this jurisdiction require that the moving party demonstrate that 'good cause' exists to deviate from the standard pretrial schedule." *Music Grp. Macao Commercial Offshore Ltd. v. John Does I–IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (Martinez, J.); *Microsoft Corp. v. Mai*, 2009 WL 1393750, at *5 (W.D. Wash. May 15, 2009) (Jones, J.); *Renaud v. Gillick*, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007) (Lasnik, J.).

"Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Microsoft Corp.*, 2009 WL 1393750, at *5 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool*, 208 F.R.D. at 277. The relevant factors in assessing good cause are the requesting party's

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

diligence, its intent in seeking the requested information, and whether the opposing party will be prejudiced if the Court grants the motion. *See Renaud*, 2007 WL 98465, at *3; *Music Grp.*, 2014 WL 11010724, at *1–2. Here, each factor supports granting Plaintiffs' motion.

### 1. Plaintiffs' Diligence

Plaintiffs have been diligent in attempting to uncover the identity and location of the Social Media Defendant. Plaintiffs have attempted to uncover the Social Media Defendant's identity and location by (1) using private investigators (Commerson Decl. ¶ 2); (2) examining the information the Trafficker Defendants provided to Amazon when creating their Selling Accounts (*id.*); (3) searching public records for the names and addresses provided by the Trafficker Defendants in connection with their Selling Accounts (*id.*); and (4) serving third party discovery on Meta and Linktree as well as PingPong, LL Pay, Microsoft, and Choung (*id.*). Despite these extensive efforts, Plaintiffs have been unable to locate the true identity of the Social Media Defendant or her current whereabouts, due in part to her intention to avoid detection. *Id.* ¶ 6. However, the prior discovery has revealed that the Social Media Defendant registered a PayPal account with her Linktree account, and Plaintiffs now seek information from PayPal that is likely to identify the Social Media Defendant. *Id.* ¶¶ 5, 7.

Accordingly, this factor supports granting Plaintiffs leave to conduct expedited discovery.

### 2. Plaintiffs' Intent

Plaintiffs seek information about the true identity and location of the Social Media Defendant, who is at the center of Defendants' counterfeiting scheme. Plaintiffs seek information to hold Defendants and their conspirators legally accountable for their misconduct. In particular, Plaintiffs seek information from PayPal regarding the identity of the accountholder linked to the social media pages promoting counterfeit Cartier goods, as well as records of the financial transactions related to the counterfeiting scheme. This discovery will help Plaintiffs identify the bad actors' true identities and true locations. Commerson Decl. ¶ 8.

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 7

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Plaintiffs reasonably believe that limited expedited discovery of these third parties will help Plaintiffs achieve these goals and advance litigation.

Because Plaintiffs' intent is to "advance the litigation and save judicial resources," *Renaud*, 2007 WL 98465, at *3, this factor supports granting Plaintiffs leave to conduct expedited discovery.

### 3. Prejudice to Defendants

Defendants will suffer no cognizable prejudice if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' request for expedited discovery is narrowly tailored to include only the information necessary to identify and locate the persons and/or entities propagating an illegal campaign that harmed Plaintiffs and their customers. Further, the requested discovery is directed at non-parties, not Defendants. Granting "third party document requests will not impose a significant burden upon [D]efendant[s]." *Renaud*, 2007 WL 98465, at *3. Accordingly, Defendants will suffer no cognizable prejudice if the Court grants Plaintiffs' motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to grant leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information from PayPal and all financial institutions linked to the PayPal account—specifically, (1) the name, contact information, and bank account information of the Social Media Defendant; (2) any history of payments to and withdrawals from the PayPal account in connection with her promotion of counterfeit Cartier products; and (3) the IP addresses from which the Social Media Defendant logged into the accounts.

DATED this 29th day of December, 2022.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By *s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION
FOR EXPEDITED DISCOVERY
No. 2-22-cv-00840-MJP - 8

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

| | |
|---|---|
| 1 | |
| 2 | Brittni Hamilton, WSBA #57740 |
| 3 | 865 South Figueroa Street, Suite 2400 |
| 4 | Los Angeles, CA 90017-2566 |
| | Tel: (213) 633-6800 |
| | Fax: (213) 633-6899 |
| | Email: scottcommerson@dwt.com |
| | brittnihamilton@dwt.com |

Brittni Hamilton, WSBA #57740  
865 South Figueroa Street, Suite 2400  
Los Angeles, CA 90017-2566  
Tel: (213) 633-6800  
Fax: (213) 633-6899  
Email: scottcommerson@dwt.com  
brittnihamilton@dwt.com

PLAINTIFFS' SUPPLEMENTAL *EX PARTE* MOTION  
FOR EXPEDITED DISCOVERY  
No. 2-22-cv-00840-MJP - 9

Davis Wright Tremaine LLP  
920 Fifth Avenue, Suite 3300  
Seattle, WA 98104-1640  
206.622.3150 main · 206.757.7700 fax