UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC.,<br>AMAZON.COM SERVICES LLC, and<br>CARTIER INTERNATIONAL A.G., | CASE NO. C22-840 MJP<br><br>ORDER ON EX PARTE MOTIONS |
| Plaintiffs, | |
| v. | |
| PHMN9Y3V, PHMN9Y3V JEWELRY,<br>AMAZING JEWELRY YOU WANT,<br>VFDNYTU, MIAO-HE, BYQONE US,<br>BYQONE NETWORK, YINJI, and<br>DOES 1-10, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Supplemental Ex Parte Motion for

Expedited Discovery (Dkt. No. 18) and Ex Parte Motion for Extension of Rule 26 Deadlines

(Dkt. No. 20). Having reviewed the Motions and all supporting materials, and having held a

hearing on January 9, 2023, the Court GRANTS the Motions.

**BACKGROUND**

Plaintiffs Amazon.com Inc., Amazon.com Services LLC, and Cartier International A.G. claim that Defendants advertised and sold counterfeit Cartier products in violation of Cartier's intellectual property rights. (<u>See</u> Complaint ¶¶ 1, 10, 24, 30, 43-44, 71-72, and 100.) Plaintiffs pursue various trademark claims and a claim under the Washington Consumer Protection Act. (<u>See</u> <u>id.</u>)

Plaintiffs have previously been granted leave to serve third-party subpoenas on: PingPong Global Solutions Inc.; LL Pay U.S., LLC; Microsoft Corporation; Nghia Choung; Meta Platforms, Inc.; and Linktree, Inc. Through these subpoenas, Plaintiffs now believe that one of the defendants used PayPal, Inc. in association with the acts at issue in the action. (<u>See</u> Declaration of Scott Commerson ¶ 5.) Plaintiffs wish to issue a subpoena to PayPal, Inc., to obtain "documents regarding the identity and location of the Social Media Defendant, the IP addresses from which the Social Media Defendant logged into those accounts, and financial records concerning payments to and withdrawals from the PayPal account." (<u>Id.</u> at ¶ 8.)

**ANALYSIS**

**A.      Motion for Ex Parte Discovery**

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts may permit expedited discovery before the parties' Rule 26(f) conference only upon a showing of good cause. <u>See</u> <u>Am. LegalNet, Inc. v. Davis</u>, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the

1    prejudice to the responding party." <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273,

2    276 (N.D. Cal. 2002). "Factors commonly considered in determining the reasonableness of

3    expedited discovery include, but are not limited to: (1) whether a preliminary injunction is

4    pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited

5    discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in

6    advance of the typical discovery process the request was made." <u>Am. LegalNet</u>, 673 F. Supp. 2d

7    at 1067 (internal quotation marks omitted). But at a minimum, the moving party must

8    demonstrate adequate diligence and good faith to satisfy the "good cause" standard. <u>See Johnson</u>

9    <u>v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609l (9th Cir. 1992); <u>see also Amazon.com, Inc. v.</u>

10   <u>Yong</u>, No. 21-170RSM, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021).

11        The Court here finds good cause to allow the expedited discovery. Plaintiffs seek the

12   discovery to enable them to identify one of the defendants and effectuate service. There is good

13   cause to allow third-party discovery from PayPal, Inc, given what Plaintiffs have learned

14   through discovery thus far. Expedited discovery will allow the claims asserted to proceed if

15   Plaintiffs can properly identify and serve Defendants. This does not appear to allow Plaintiffs

16   any unfair advantage or reward bad faith. And while the Court has some reservation about

17   allowing for discovery of payments to and withdrawals from the targeted PayPal account as

18   being overbroad, counsel for Plaintiffs has explained that this information is useful and necessary

19   to help confirm the correct identity of the defendant. The Court finds that the interests of justice

20   will be served by allowing this departure from the normal discovery rules to help Plaintiffs

21   complete service. And the Court does not find that Defendants face any prejudice from allowing

22   this limited relief. The Court therefore GRANTS the Motion. Plaintiffs may serve a subpoena on

23   PayPal, Inc. to obtain "documents regarding the identity and location of the Social Media

24

1    Defendant, the IP addresses from which the Social Media Defendant logged into those accounts,

2    and financial records concerning payments to and withdrawals from the PayPal account." But

3    Plaintiffs shall not be permitted to issue any further subpoenas without first seeking and

4    obtaining leave of Court.

5    **B.      Motion to Extend Rule 26 Deadlines**

6            Given that Plaintiffs do not currently know how to serve Defendants, the Court finds that

7    the current deadlines for the initial disclosures, Rule 26(f) conference, and Joint Status Report

8    shall be stayed until Plaintiffs have completed the expedited discovery and attempted service.

9    Plaintiffs must provide a status report to the Court within 60 days of entry of this Order to update

10   the Court on the results of the third-party discovery and all efforts to identify and serve

11   Defendants.

12                                          **CONCLUSION**

13           The Court GRANTS the Motions. Plaintiffs are granted leave prior to the Rule 26(f)

14   conference to serve Rule 45 subpoenas on PayPal, Inc. Plaintiffs shall provide a copy of this

15   Order with each subpoena issued pursuant to this Order. The Court STAYS the initial deadlines

16   until further Court Order. But Plaintiffs must provide a status report within 60 days of entry of

17   this Order to update the Court as set forth above.

18           The clerk is ordered to provide copies of this order to all counsel.

19           Dated January 11, 2023.

20

21                                          Marsha J. Pechman
                                            United States Senior District Judge

22

23

24

ORDER ON EX PARTE MOTIONS - 4