1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   | AMAZON.COM INC., *et al.*,

9   |                           Plaintiffs,

10  |      v.

11  | PHMN9Y3V, *et al.*,

12  |                           Defendants.

Case No. C22-840-MJP-MLP

ORDER

13

14       On June 15, 2022, Plaintiffs Amazon.com Inc., Amazon Services LLC, (together,

15  "Amazon") and Cartier International AG ("Cartier") (collectively, "Plaintiffs") filed the instant

16  suit against individuals and entities ("Defendants") responsible for seven Amazon Seller

17  Accounts that advertised and sold imitations of Cartier trademarked products on Amazon's

18  platform. (Dkt. # 1.) Cartier alleges claims of direct and contributory trademark infringement,

19  while all Plaintiffs allege claims of direct and contributory false designation of origin and false

20  advertising and violation of the Washington Consumer Protection Act. (*Id.* at 23-30.)

21       Plaintiffs filed an *ex parte* motion to consolidate this case with a related case alleging

22  similar claims against different defendants, which the Honorable Marsha J. Pechman denied

23  without prejudice. (Dkt. ## 7-8.) Judge Pechman granted Plaintiffs' motions for expedited third-

ORDER - 1

1  party discovery to identify Defendants and ordered Plaintiffs to file a status report by March 13,

2  2023. (Dkt. ## 11-14, 18-21.) On March 10, 2023, Judge Pechman referred "all issues related to

3  service of Defendants" to the undersigned pursuant to General Order 03-23 (Mar. 7, 2023). (Dkt.

4  # 22.)

5  In their Status Report, Plaintiffs state that third-party discovery revealed the identities of

6  three individuals, located in China, who hold "the seven bank accounts that received proceeds

7  from" the seven Amazon Seller Accounts. (Dkt. # 23 at 3.) Plaintiffs also believe they have

8  identified a Defendant, connected with a company located in Singapore, who used social media

9  to direct buyers to the Amazon Seller Accounts. (*Id*.) Plaintiffs intend to amend their complaint

10  to name these individuals, and to move for alternative service. (*Id.* at 3-4.) Plaintiffs "request

11  permission to submit a further status report in 90 days, by which time they expect they will have:

12  (1) filed an amended complaint in this action; and (2) either completed service or moved for

13  alternative service." (*Id.* at 5.)

14  According to Plaintiffs' Status Report, some or all Defendants may be located abroad.

15  Although the 90-day time limit for service in Fed. R. Civ. P. 4(m) "does not apply to service in a

16  foreign country[,]" the rule "does not preclude the court from 'setting a reasonable time limit for

17  service in a foreign country to properly manage a civil case.'" *Inst. of Cetacean Research v. Sea*

18  *Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (quoting *Baja*

19  *Devs. LLC v. TSD Loreto Partners*, 2009 WL 2762050, at *1 (D. Ariz. Aug. 26, 2009)).

20  The Court concludes additional time is warranted. However, Plaintiffs should not expect

21  unlimited extensions if service does not prove to be feasible. Accordingly, the Court DIRECTS

22  Plaintiffs to, within **ninety (90) days** of the date this Order is signed, file an amended complaint

23

ORDER - 2

and serve Defendants or move for alternative service. If Plaintiffs are unable to do so, the Court

ORDERS Plaintiffs to show cause why this case should not be dismissed for failure to prosecute.

Dated this 28th day of March, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3