UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM INC., *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> PHMN9Y3V, *et al.*, <br><br>    Defendants. | Case No. C22-840-MJP-MLP <br><br> ORDER |

This matter is before the Court on Plaintiffs Amazon.com Inc., Amazon.com Services, (together, "Amazon") and Cartier International A.G.'s ("Cartier"; collectively, "Plaintiffs") *Ex Parte* Motion for Alternative Service on Defendant Zhou Fuhan ("Plaintiffs' Motion"). (Pls.' Mot. (dkt. # 29).) Having considered Plaintiffs' submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiffs' Motion (dkt. # 29).

**I.   BACKGROUND**

Plaintiffs filed their original complaint against: (1) "an individual who goes by the social media handle 'Phmn9y3v'"; (2) "individual[s] or entit[ies] doing business as" seven Amazon Selling Accounts named Phmn9y3v Jewelry, Vfdnytu, Amazing Jewelry You Want, Miao-He,

ORDER - 1

Byqone US, Byqone Network, and Yinji (together, the "Amazon Selling Accounts"); and (3) "Does 1-10." (Compl. (dkt. # 1) at ¶¶ 14-22.)

Utilizing third-party discovery authorized by the Court (dkt. ## 14, 21), Plaintiffs identified the accountholders of virtual bank accounts linked to the Amazon Selling Accounts. (Commerson Decl. (dkt. # 29-1) at ¶ 5-6.) Zhou Fuhan was identified as the registered accountholder for bank accounts that received proceeds from the Byqone US and Byqone Network Amazon Selling Accounts. (*Id.*)

Plaintiffs have now filed an amended complaint, naming as defendants: (1) Li Xinjuan, an individual using the "social media handle 'Phmn9y3v'" and responsible for the Amazon Selling Accounts Phmn9y3v Jewelry and Miao-He; (2) Shenzhen Xinjianhe Technology Co., Ltd., a corporation owned and operated by Li Xinjuan and registered with the "Phmn9y3v" social media account; (3) Zhu Jian, an individual married to Li Xinjuan and responsible for Phmn9y3v Jewelry, Vfdnytu, Yinji, and Amazing Jewelry You Want; (4) Zhou Fuhan, an individual responsible for Byqone US and Byqone Network; (5) Nghia Choung, an individual whose phone number was registered with Amazon and used to conduct business for six of the seven Amazon Selling Accounts; and (6) "Does 1-10" (collectively, "Defendants"). (Am. Compl. (dkt. # 25) at ¶¶ 16-21.) Plaintiffs allege that Defendants "conspired and operated in concert with each other" to advertise, market, and sell counterfeit Cartier jewelry. (*Id.* at ¶¶ 1, 15.)

In a Status Report filed June 26, 2023, Plaintiffs indicate they have located a physical address in China for the first three defendants and are commencing service pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

ORDER - 2

Commercial Matters ("Hague Convention"). (Dkt. # 30 at 2.) Plaintiffs have filed proof of service on Nghia Choung. (Dkt. # 28.)

Third-party discovery indicated that the only other named defendant, Zhou Fuhan, "is likely in China" but no physical address could be identified. (Commerson Decl. at ¶ 7.) In the instant motion, Plaintiffs seek permission to serve Zhou Fuhan by the alternative method of emailing service of process to two email address provided when registering the Byqone US and Byqone Network Amazon Selling Accounts. (Pls.' Mot. at 6; *see also* Commerson Decl. at ¶ 10, Haskel Decl. (dkt. # 29-2) at ¶ 4 (identifying email addresses).) On June 14, 2023, Plaintiffs sent "test emails" to the two addresses and "received no error notices, bounce-back messages, or other indications that the emails failed to deliver." (Commerson Decl. at ¶ 10.) Plaintiffs propose to serve "using an online service for service of process, RPost (www.rpost.com) that provides proof of authorship, content, delivery, and receipt[.]" (*Id.* at ¶ 11.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by: (1) internationally agreed methods such as those authorized by the Hague Convention; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process." *Rio*, 284 F.3d at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated,

ORDER - 3

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

      A.     Rule 4(f)

Plaintiffs request Court intervention because they "do not have a valid physical address for Fuhan and are unable to serve them by conventional means[.]" (Pls.' Mot. at 2.) The Court concludes that Plaintiffs have adequately shown that the Court's intervention is necessary. Despite "months of discovery and investigation," Plaintiffs have been unable to locate a physical address for Zhou Fuhan and the email addresses "are the only valid pieces of contact information" Plaintiffs have. (Commerson Decl. at ¶ 10; Pls.' Mot. at 6-7.)

Plaintiffs contend Rule 4(f)(3) and the Hague Convention "both allow for service by email" on defendants located in China. (Pls.' Mot. at 8.) China, like the United States, is a party to the Hague Convention. *See* Contracting Parties, *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last viewed July 13, 2023). The Hague Convention expressly "shall not apply where the address of the person to be served with the document is not known." Hague Convention, art. 1, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last viewed July 13, 2023). Plaintiffs here have been unable to locate a physical address for Zhou Fuhan, and thus, could not utilize methods authorized by the Hague Convention. (Commerson Decl. at ¶¶ 7, 10.)

Nevertheless, whether or not the Hague Convention applies, this Court and others have concluded that email service on individuals located in China is not prohibited by it or any other international agreement. *See Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (email service in China "not expressly prohibited by

ORDER - 4

international agreement"). The Court therefore concludes that service by email is not prohibited by international agreement. Plaintiffs have shown that an order permitting service by email would comport with Rule 4(f).

### B. Due Process

The Court next considers whether service of process using the currently functional email addresses associated with Zhou Fuhan's Amazon Selling Accounts comports with constitutional due process—that is, whether this method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314.

Plaintiffs contend email service comports with due process because: (1) the email addresses "are the primary means of communication" between Amazon and Zhou Fuhan related to the Amazon Selling Accounts; and (2) "Plaintiffs recently sent 'test' emails to each email address and have confirmed that both registered email addresses remain functional[.]" (Pls.' Mot. at 9 (citing Haskel Decl. ¶¶ 4-5).)

Plaintiffs point to *Facebook, Inc. v. Banana Ads, LLC*, where a court authorized service via email on foreign defendants who "rely on electronic communications to operate their businesses" and for whom plaintiff had "valid email addresses[.]" 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012). In that case, however, it appears that the defendants' businesses were ongoing and used internet domain names that, when registered, "required [defendants] to provide accurate contact information and to update that information." *Id.* at *1. Plaintiffs also point to *Rio*, where the Ninth Circuit concluded that ordering service by email was within the district court's discretion where the defendant had "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact

ORDER - 5

1  information." 284 F.3d at 1018. In that case, as in *Facebook*, the defendant's business was
2  ongoing. *Id.* at 1012-13.
3  The situation is somewhat less clear here, however, as Zhou Fuhan's businesses using the
4  Byqone US and Byqone Network Amazon Selling Accounts are no longer operating. Plaintiffs
5  allege that, "through at least April 2021, Defendant Zhou Fuhan advertised . . . and sold
6  inauthentic Cartier [jewelry]" via the Byqone US and Byqone Network Amazon Selling
7  Accounts. (Am. Compl. at ¶¶ 64-67.) At some later point, however, "Amazon . . . blocked
8  Defendants' Selling Accounts." (*Id.* at ¶ 73.) It is unclear when Amazon blocked the Amazon
9  Selling Accounts and whether Zhou Fuhan was notified.
10  Nevertheless, Plaintiffs provide evidence that the email addresses they propose effecting
11  service through were actively used in operating the Byqone US and Byqone Network businesses.
12  Individuals "registered email addresses in order to create their Selling Accounts . . . and conduct
13  business through their Selling Accounts." (Haskel Decl. at ¶ 5.) "Amazon's records establish that
14  these individuals responsible for the Selling Accounts received and responded to
15  communications from Amazon using these email addresses, and logged into their Selling
16  Accounts using these email addresses." (*Id.*) And Plaintiffs have verified that the email addresses
17  remain active. (*See* Commerson Decl. at ¶ 10.) This provides some evidence that Zhou Fuhan is
18  still using those addresses.
19  In a similar situation in *Bright Solutions for Dyslexia*, alternative service by email was
20  used where plaintiffs were "unable to locate [d]efendants and believed they may have moved to
21  China." *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *4  (N.D. Cal. Dec. 20,
22  2017), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018). The
23  plaintiffs obtained email addresses associated with eBay online seller accounts that defendants

ORDER - 6

had used to sell allegedly counterfeit products. *Id.* at *3. "No errors were received" when plaintiffs sent test emails to two of the addresses. *Id*. The court granted plaintiffs' motion for alternative service by email, and granted default judgment after defendants failed to respond even though "the emails had been successfully delivered with no errors." *Id.* at *4. The court concluded "email service was proper because [d]efendants structured their counterfeit business such that they could only be contacted by email" and, when served by email, "[t]hese emails did not bounce back." *Id.* at *7.

In contrast, in *Amazon.com Inc. v. KexleWaterFilters*, this Court denied alternative service by email because plaintiffs had not shown sufficient "indicia that the defendants would in fact receive notice of the lawsuit if the plaintiffs served them by email." *Amazon.com, Inc. v. KexleWaterFilters*, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The approach in *Bright Solutions for Dyslexia* was endorsed by this Court in that case, but in *KexleWaterFilters*, the plaintiffs had "not demonstrated that the email addresses associated with [d]efendants' Selling Accounts are still valid[.]" *Id*. Plaintiffs were permitted to "renew their motion with evidence of recent communications to [d]efendants that demonstrates that service by email is a reliable method to provide [d]efendants with notice of the pendency of this action." *Id*.

Here, as in *Bright Solutions for Dyslexia*, Plaintiffs have identified email addresses that Zhou Fuhan used in their online businesses, and verified that those email addresses remain active. As in *Bright Solutions for Dyslexia*, Zhou Fuhan structured their counterfeit business such that they can only be contacted by email. Together, these circumstances provide sufficient indicia that Zhou Fuhan is likely to receive notice if served by email.[1] Moreover, service via

---

[1] *See also Amazon.com Inc., et al. v. Yong et al.*, C21-170-RSM-SKV, dkt. # 51 (W.D. Wash. Apr. 25, 2023) (Order granting alternative service where email addresses that were "the primary means of communication with Amazon, and used to conduct business in the Amazon Store remain active."). *But*

ORDER - 7

RPost should, according to Plaintiffs' representations to the Court, provide evidence as to whether service by email was, in fact, received. This offers reassurance that if the email addresses are not, in fact, being monitored and used, then service will not be erroneously deemed completed.

The Court concludes service via the email addresses is reasonably calculated to apprise Zhou Fuhan of this action and provide them an opportunity to respond, and thus satisfies due process concerns.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion (dkt. # 29). Plaintiffs are authorized to serve Defendant Zhou Fuhan via the email addresses jiali92043399@126.com and na1054829jiyeweng@163.com. Plaintiffs are ORDERED to complete service and file proof of service by **July 28, 2023**.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Marsha J. Pechman.

Dated this 18th day of July, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

---

see *Amazon.com, Inc., et al. v. Dong, et al.*, C21-159-TL-BAT, dkt. # 42 (W.D. Wash. June 21, 2023) (Order denying alternative service without prejudice where "Amazon terminated Defendants' Selling Accounts sometime in 2019 and 2020" and Plaintiffs had "show[n] only that a particular email address is still functioning, not that Defendants are in fact, monitoring the email accounts or receiving the messages.").

ORDER - 8