The Honorable Marsha J. Pechman
The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and CARTIER INTERNATIONAL A.G., a Swiss corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LI XINJUAN, an individual d/b/a Phmn9y3v, and Selling Accounts Phmn9y3v Jewelry and Miao-He; SHENZHEN XINJIANHE TECHNOLOGY CO., LTD, a Singapore limited company d/b/a Phmn9y3v; ZHU JIAN, an individual d/b/a Selling Accounts Phmn9y3v Jewelry, Amazing Jewelry You Want, Vfdnytu, and Yinji; ZHOU FUHAN, an individual d/b/a Selling Accounts Byqone US and Byqone Network; NGHIA CHOUNG, an individual d/b/a Selling Accounts Phmn9y3v Jewelry, Miao-He, Vfdnytu, Byqone US, Byqone Network, and Yinji; and DOES 1-10,<br><br>Defendants. | No. 2:22-cv-00840-MJP-MLP<br><br>**PLAINTIFFS'** *EX PARTE* **MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS LI XINJUAN, SHENZHEN XINJIANHE TECHNOLOGY CO., LTD., AND ZHU JIAN**<br><br>WITHOUT ORAL ARGUMENT<br><br>NOTE ON MOTION CALENDAR: APRIL 24, 2024 |

### I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc. ("Amazon"), Amazon.com Services LLC (together "Amazon"), and Cartier International A.G. ("Cartier") (collectively "Plaintiffs") respectfully move the Court for an order authorizing Plaintiffs to complete service of process by email on

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 1
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Defendants Li Xinjuan ("Xinjuan"), Shenzhen Xinjianhe Technology Co., Ltd. ("Shenzhen Xinjianhe"), and Zhu Jian ("Jian") (collectively "Defendants").

Alternative service is necessary to hold Defendants accountable for their unlawful scheme to use social media posts to direct followers to "hidden links" selling counterfeit Cartier jewelry in the Amazon.com store (the "Amazon Store") in violation of Cartier's intellectual property rights and Amazon's contracts and policies. *See* Dkt. 25, ¶¶ 3, 47-70. Through expedited discovery, investigations, and a parallel criminal investigation, Plaintiffs confirmed Defendants' physical address in China. On August 23, 2023, Plaintiffs completed transmission of the First Amended Complaint ("FAC") and Summons to China's Central Authority pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention") for service on Defendants at that address. Dkt. 35. However, in the nearly eight months since Plaintiffs' foreign service agent transmitted the necessary documents, China's Central Authority has failed to provide a certificate of service or any other response to the request for Hague service.

Because of the Central Authority's unreasonable delay in completing service, Plaintiffs now seek permission to serve these Defendants via alternative means. Courts have recognized that alternative service is appropriate in instances where, as here, plaintiffs can show they have attempted to serve a defendant via the Hague Convention but have not received confirmation of service from the country's central authority after six months. Defendants each registered certain email addresses in connection with the operation of their Amazon selling accounts, and certain of those same email addresses are also connected to a social media account that Defendants used in their counterfeiting scheme. Plaintiffs recently sent test emails to these registered email addresses and confirmed that the email addresses remain functional (*i.e.*, Plaintiffs did not receive error notices or bounce back messages).

Accordingly, Plaintiffs request an order allowing service on Defendants via those email addresses because such service is "reasonably calculated, under all the circumstances, to apprise

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 2
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

## II.   BACKGROUND

### A.   Defendants' Selling Accounts.

On June 15, 2022, Plaintiffs filed a complaint (the "Complaint") alleging claims for trademark infringement, contributory trademark infringement, false designation of origin, contributory false designation of origin, false advertising, and contributory false advertising under the Lanham Act, and violations of the Washington Consumer Protection Act arising from the unlawful sale of counterfeit Cartier jewelry and accessories in the Amazon Store. *See* Complaint, Dkt. 1.

Defendants sold counterfeit Cartier jewelry through seven different Amazon selling accounts (the "Selling Accounts")[1] as part of a "hidden links" scheme. *Id*. ¶¶ 3-4; Declaration of Robert Garrett ("Garrett Decl.") ¶ 4. Bad actors used social media accounts to direct followers to the product listing pages of Defendants' Selling Accounts, which were disguised to display non-branded products. Dkt. 1 ¶¶ 3-4. When the products were ordered, however, Defendants shipped counterfeit jewelry bearing unauthorized Cartier trademarks—just as the social media posts had promised. Dkt. 1 ¶ 3-4. Through investigation and discovery, Plaintiffs uncovered the true identities of defendants: Zhou Fuhan ("Fuhan"), Xinjuan, Shenzhen Xianjianhe, Jian, and Nghia Choung ("Choung"). *See* FAC, Dkt. 25.

Defendants registered email addresses in order to create their Selling Accounts, access Amazon's Seller Central,[2] and conduct business through their Selling Accounts. Garrett Decl. ¶ 4-5 (listing email addresses). Amazon's records establish that Defendants logged into their Selling Accounts and received and responded to communications from Amazon using these

---

[1] The Selling Accounts are (1) Phmn9y3v Jewelry; (2) Amazing Jewelry You Want; (3) Vfdnytu; (4) Byqone US; (5) Byqone Network; (6) Yinji; and (7) Miao-He.

[2] "Seller Central" is the online portal that sellers use to access their selling accounts, list products for sale, manage sales and inventory, track payments and returns, and manage advertising programs, among other things. Garrett Decl. ¶ 5 n.1.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 3
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

email addresses. *Id.* ¶ 5. These email addresses are the primary means of communication from Amazon to Defendants. *Id*. On April 9, 2024, Plaintiffs emailed Defendants at their registered email addresses, and Plaintiffs confirmed that the email addresses remain functional (*i.e.*, Plaintiffs received no error notices or bounce-back messages for those emails). Declaration of Scott Commerson ("Commerson Decl.") ¶ 10.

Amazon offers third-party sellers and brand owners the ability to sell products in the Amazon Store by registering Amazon selling accounts. Garrett Decl. ¶ 3. Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. *Id*. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a fully legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alteration, tampering, or fabrication. *Id*. These measures have made it more difficult for bad actors to hide. *Id*. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. *Id*. In 2023, Amazon stopped more than 700,000 bad actor attempts to create new selling accounts, stopping them before they were able to list a single product for sale in Amazon's stores. *Id*. This is down from 6 million attempts by bad actors to create new Amazon selling accounts in 2020. *Id*. Despite these efforts, a small number of bad actors attempt to circumvent Amazon's systems by submitting fraudulent and deliberately false information to Amazon, as Defendants did here. *Id*.

### B. Plaintiffs Uncover Defendants' True Identities Through Expedited Discovery and File Amended Complaint.

Plaintiffs conducted substantial investigation in this case revealed that Defendants went to extensive lengths to evade Amazon's seller verification processes and conceal their true identities and locations, including, among other things, providing Amazon with falsified and

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 4
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

fraudulent documents and false physical address information in connection with their Selling Accounts. Commerson Decl. ¶ 2.

In an effort to identify and locate Defendants, Plaintiffs filed a Motion for Expedited Discovery on September 30, 2022, seeking leave to serve subpoenas on financial institutions and other third parties linked to Defendants, including payment service providers—LL Pay U.S., LLC ("LL Pay") and PingPong Global Solutions, Inc. ("PingPong")—and a social media provider, Linktree, Inc. ("Linktree"). Dkt. 11. The Court granted that motion on October 21, 2022, and Plaintiffs served the subject subpoenas. Dkt. 14; Commerson Decl. ¶ 3.

Plaintiffs' subpoenas to LL Pay and PingPong sought discovery related to virtual bank accounts that Defendants linked to their Selling Accounts in order to receive and transfer proceeds from their sales of counterfeit products in the Amazon Store. Commerson Decl. ¶ 4. The LL Pay production disclosed that Jian is the registered accountholder for virtual bank accounts that were linked to, and received disbursements from, the following Selling Accounts: Phmn9y3v Jewelry, Vfdnytu, Yinji, and Amazing Jewelry You Want. Commerson Decl. ¶ 4. The PingPong production disclosed that Xinjuan is the registered accountholder for a virtual bank account that was linked to, and received disbursements from, the Miao-He Selling Account. *Id*. It is reasonable to infer that Jian and Xinjuan are responsible for the respective Selling Accounts that they are linked to through financial data.

Shenzhen Xinjianhe's involvement in the scheme was also uncovered through discovery. Plaintiff's subpoena to Linktree sought information related to the social media accounts that Defendants used in connection with their "hidden links" scheme to drive buyers to the Selling Accounts to purchase counterfeit Cartier products. Commerson Decl. ¶ 5. Linktree's production confirmed that Defendants' Linktree account was registered with the email address "phmn9y3v@outlook.com," which was the same email to register the Miao-He Selling Account. *Id.*; Garrett Decl. ¶ 4. The Linktree account was also connected to a PayPal account, which was registered to Shenzhen Xinjianhe under the email address "tuilianlun@163.com." Commerson Decl. ¶ 5. Notably, Amazon's records show that the same email "tuilianlun@163.com" was used

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 5
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

to register the Yinji Selling Account. Garett Decl. ¶ 4. In other words, the email addresses which Shenzhen Xinjianhe used to operate its social media account that provided the "hidden links" are the *same* email addresses that were registered with Amazon to operate the Yinji Selling Account and the Miao-He Selling Account. In addition, Plaintiffs' investigation into Shenzhen Xinjianhe revealed that Xinjuan is its registered owner. Commerson Decl. ¶ 5. Accordingly, it is reasonable to infer that Shenzhen Xinjianhe is also responsible for those Selling Accounts.

Based on their collective control over the LL Pay accounts, PingPong accounts, and Linktree account connected to the Selling Accounts, it is reasonable to infer that Defendants were responsible for the Selling Accounts' activities and the "hidden links" counterfeit scheme. Commerson Decl. ¶ 6. Therefore, on May 15, 2023, Plaintiffs filed the FAC naming Jian, Xinjuan, Shenzhen Xinjianhe, among others,[3] as Defendants.

Following third-party discovery, Amazon's investigative team in China located the whereabouts of Xinjuan and Jian, who are married, at a physical address in Shenzhen City, Guangdong Province, China. Commerson Decl. ¶ 7. That address is also the registered business address for Shenzhen Xinjianhe. *Id*. On March 15, 2023, China's Public Security Bureau ("PSB") conducted a raid at that address and confirmed Jian's presence there. *Id.*; Dkt. 25 ¶ 12. During the raid, the PSB confiscated counterfeit Cartier bracelets, and Jian confessed to selling counterfeit products in Amazon's stores. *Id*.

On August 23, 2023, Plaintiffs transmitted the FAC and Summons, translated in Chinese, to China's Central Authority for service on Jian, Xinjuan, and Shenzhen Xinjianhe at the physical address where the PSB conducted the raid. Commerson Decl. ¶ 8.[4] In the nearly eight months that have passed since the documents were transmitted, Plaintiffs' have received no certificate of service or any other response from China's Central Authority. *Id*.

---

[3] The additional defendants are defendant Fuhan, who was also linked to virtual bank accounts that were linked to, and received disbursements from, certain of the Selling Accounts, and defendant Choung, whose phone number was tied to multiple of the Selling Accounts. Dkt. 25 ¶¶ 19-20, 64-67, 70.

[4] The Court granted permission to Plaintiffs to serve defendant Fuhan via email on July 20, 2023, because Plaintiffs lacked a physical address for Fuhan. Dkt. 33. Plaintiffs personally served defendant Choung in San Leandro, California on June 22, 2023. Dkt. 28. Plaintiffs served Fuhan via RPost email on July 20, 2023. Dkt. 33.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 6
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### C. Request for Alternative Service.

Although Plaintiffs were not required to attempt service by other means before seeking alternative service,[5] they have made a diligent effort to comply with the Hague Convention by transmitting the necessary documents to China's Central Authority and requesting that service be effected at the physical address where they believed Defendants were located. Commerson Decl. ¶ 8. Unfortunately, China's Central Authority has failed to respond in a timely fashion.

Courts have acknowledged that alternative service is appropriate in instances where, as here, plaintiffs can show they have attempted to serve the defendant via the Hague Convention but have not received confirmation of service after six months or longer. *See* Fed. R. Civ. P. 4, Advisory Notes ("The Hague Convention does not specify a time within which a foreign country's Central Authority must effect service, ***but Article 15 does provide that alternate methods may be used if a Central Authority does not respond within six months***.") (emphasis added); *Tevra Brands LLC v. Bayer Healthcare LLC*, 2020 WL 3432700, at *5 (N.D. Cal. June 23, 2020) (acknowledging "there is a presumption that a Central Authority has six months before a party can use alternate methods of service."); *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co., Ltd.*, 2019 WL 6310564, at *2 (W.D. Wash. Nov. 25, 2019) (Jones, J.) (noting the "advisory committee notes to Rule 4 also provide several examples of situations that might merit alternative means of service such . . . the failure of a country's Central Authority to effect service within the six-month period provided by the Hague Convention"). Indeed, Courts permit alternative service where a delay of at least six months or longer occurs. *See Meyer v. Mittal*, 2022 WL 1000774, at *2 (D. Or. Apr. 4, 2022) (granting motion for alternative service via email where nine months passed with no response after transmitting Hague service documents); *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, 2017 WL 1378532, at *3 (N.D. Cal. Apr. 11, 2017) (granting motion for alternative service on defendants in China where eleven months passed with no response after transmitting Hague service documents); *Sec. & Exch. Comm'n v.*

---

[5] *Rio Props.*, 284 F.3d at 1015 ("[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2) . . . [S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'").

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 7
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

*China Sky One Med., Inc.*, 2013 WL 12314508, at *3 (C.D. Cal. Aug. 20, 2013) (granting motion for alternative service via email and publication on defendants in China where nine months passed with no response after transmitting Hague service documents); *Morningstar v. Dejun*, 2013 WL 502474, at *1 (C.D. Cal. Feb. 8, 2013) (granting motion for alternative service via email on defendants in China where plaintiffs "attempted to serve the Foreign Defendants through the Hague Convention for over a year, with no success"); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech., Ltd.*, 2022 WL 1913613, at *3 (W.D. Tex. June 2, 2022) (granting motion for alternative service via email on defendants in China where nearly seven months passed with no response after transmitting Hague service documents).

Moreover, the Hague Convention itself contemplates that a court may even enter judgment against Defendants if over six months have lapsed since service documents were properly transmitted and "no certificate of service or delivery has been received." *See* Hague Convention, Art. 15 ¶ 2; *see Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.*, 2020 WL 4679631, at *4 (E.D.N.Y. July 23, 2020), *report & recommendation adopted*, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020) (finding Article 15 allows for entry of a default judgment after six-month lapse). Given that a plaintiff is able to obtain a default judgment where a central authority has failed to timely serve a defendant, it stands to reason that the same timeframe is a reasonable period after which alternative service is appropriate.

Plaintiffs therefore seek to serve Jian, Xinjuan, and Shenzhen Xinjianhe through the email addresses they used in connection with the operation of their Selling Accounts, provided when registering their Selling Accounts, accessing Amazon Seller Central, and doing business in the Amazon Store. Garrett Decl. ¶ 4; Commerson Decl. ¶ 11. Service by email is the best method to provide these Defendants with notice of the FAC. From the start, Defendants have tried to hide their identities and avoid detection. They registered their Selling Accounts using falsified and fraudulent documents and information. *See* Dkt. 25, ¶ 38; Commerson Decl. ¶ 2. After months of discovery and investigation, and a long-stalled attempt to serve under the Hague Convention protocols, the email addresses that Defendants provided in connection with their

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 8
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Selling Accounts are the best method of service on these Defendants. In order to confirm that the email accounts remain functional, Plaintiffs sent test emails to the registered email addresses on April 9, 2024, and did not receive any error notices or bounce-back messages in response to those emails. *Id.* ¶ 10. Plaintiffs thus have confirmed that those email accounts remain active. Given these facts, email service is now the most appropriate method to provide notice to Defendants of this action and is thoroughly supported under the law.

### III.   ARGUMENT

#### A.   Service of Process by Email Comports with Federal and International Law.

Proper service requires satisfying both Rule 4 of the Federal Rules of Civil Procedure and constitutional notions of due process. *See generally Rio Props.* 284 F.3d at 1014. To eliminate unnecessary technicalities and cost, Rule 4 provides several options for effectuating service in foreign countries and expressly grants courts broad discretion to authorize service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see also Rio Props.*, 284 F.3d at 1015. Due process requires only that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (collecting cases).

Here, Plaintiffs have determined that Defendants reside in China, which, like the United States, is a signatory to the Hague Convention. *See* Commerson Decl., ¶ 8.[6] Courts in this District and numerous others in the Ninth Circuit have held that Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention both allow for service via email on Chinese defendants. *See, e.g.*, *Amazon.com, Inc. v. Phmn9y3v*, 2023 WL 4581812, *4 (W.D. Wash. July 18, 2023) (Peterson, M.J.) (granting plaintiffs' motion for alternative service via email on defendants in China); *Amazon.com, Inc. v. Ackary*, 2023 WL 4581785, *4 (W.D. Wash. July 18, 2023) (Peterson, M.J.) (same); *Amazon.com, Inc. v. Yong*, 2023 WL 3075636, at *4 (W.D. Wash. Apr.

---

[6] *See* Contracting Parties, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited April 11, 2024).

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 9
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

25, 2023) (Vaughan, M.J.) (same); *Amazon.com Inc. v. Bamb Awns*, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023) (Peterson, M.J.) (same); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *2 (W.D. Wash. Sept. 22, 2021) (Martinez, J.) (same); *Amazon.com Inc. v. Sirowl Tech.*, 2020 WL 7122846, at *3 (W.D. Wash. Dec. 4, 2020) (Creatura, M.J.) (same); *Amazon Techs. v. Li Qiang*, 2023 WL 7128618, at *2 (W.D. Wash. Oct. 30, 2023) (Vaughan, M.J.) (same); *Amazon.com Inc. v. Pengyu Bldg. Materials*, 2023 WL 4131609, at *2 (W.D. Wash. June 22, 2023) (Vaughan, M.J.) (same); *Amazon.com Inc. v. Chen*, 2023 WL 7017077, at *2 (W.D. Wash. Oct. 25, 2023) (Vaughan, M.J.) (same).

Courts in the Ninth Circuit also recognize that where, as here, defendants have made email their preferred means of contact, service by email not only comports with due process requirements, it is actually the preferred method of reaching the defendant. *See, e.g.*, *Rio Props.*, 284 F.3d at 1016-18; *Sirowl Tech.*, 2020 WL 7122846, at *3 ("[P]laintiffs have demonstrated an inability to obtain a valid physical address for defendants and that defendants conduct business through the internet, so that service by email will provide defendants with sufficient notice and an opportunity to respond.") (citation omitted); *Dafang HaoJiafu Hotpot Store*, 2021 WL 4307067, at *1 ("Plaintiffs have shown that Defendants conduct business through the Internet such that 'service by email will provide defendants with sufficient notice and an opportunity to respond.'") (quoting *Sirowl Tech.*, 2020 WL 7122846, at *3); *Bright Sols. for Dyslexia, Inc. v. Lee*, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) ("Because email has been zealously embraced within the business community, email service is proper when a company has structured its business such that it could only be contacted via its email address, and email is the method of communication the company utilizes and prefers.") (internal quotation marks and citation omitted), *report & recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Finally, courts in the Ninth Circuit have routinely granted requests to serve defendants via email where, as here, plaintiffs first sent "test" emails to relevant email addresses in order to ensure that those addresses are valid and thus able to provide defendants with actual notice.

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 10
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Where test emails are not returned as undeliverable, these courts deemed defendants' email addresses proper methods for service. *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, 2021 WL 165013, at *3 (S.D. Cal. Jan. 19, 2021) (granting leave for service via email where test emails to defendants "did not bounce back nor [were] returned as being 'undeliverable.'"); *Dyslexia*, 2017 WL 10398818, at *7 ("Plaintiffs served Defendants [by email] and filed proofs of service. These emails did not bounce back. Service was therefore proper."); *Bamb Awns*, 2023 WL 2837076, at *3 ("Plaintiffs have identified email addresses that Defendants used in their online businesses, and verified that those email addresses remain active. Together these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email."); *Yong*, 2023 WL 3075636, at *4 (granting alternative service where the plaintiffs verified the service addresses remained active).

### B. Service on Defendants' Email Addresses Is Reasonably Calculated to Provide Actual Notice.

In this case, Defendants registered certain email addresses in order to create their Selling Accounts, access Amazon's Seller Central, and conduct business through their Selling Accounts. Garrett Decl. ¶¶ 4-5. Defendants used some of the same email addresses to register one or more Linktree social media accounts, further affirming Defendants' ownership and use of those email addresses. Commerson Decl. ¶ 5. Plaintiffs believe that the email addresses are active for two independent reasons: (1) these emails are the primary means of communication from Amazon to Defendants (*see* Garrett Decl. ¶¶ 4-5); and (2) Plaintiffs recently sent "test" emails to each of the Defendants' email addresses, and have confirmed that the registered email addresses for each Defendant remains functional. Commerson Decl. ¶ 10.

Based on the facts and authority presented above, service on Defendants through their chosen active email addresses, used to register their Selling Accounts and used by Defendants as their primary means of communication with Amazon, and used by Amazon to communicate with Defendants is reasonably calculated to provide Defendants with actual notice. *See Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (email service

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 11
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

comported with due process because defendants were "involved in commercial internet activities" and "rel[ied] on electronic communications to operate their businesses," and plaintiff had valid email addresses for defendants). Plaintiffs respectfully request that the Court authorize service of the Summons and FAC (as well as this motion and pleadings in support) on Jian, Xinjuan, and Shenzhen Xinjianhe, via the email addresses associated with their respective Selling Accounts as follows:

1. **Defendant Zhu Jian**
   - zhuhua499936@163.com (Selling Account: Phmn9y3v Jewelry)
   - l4ouoo@163.com (Selling Account: Amazon Jewelry You Want)
   - qiang593480751angu@163.com (Selling Account: Vfdnytu)
   - tuilianlun@163.com (Selling Account: Yinji)

2. **Defendant Li Xinjuan**
   - phmn9y3v@outlook.com (Selling Account: Miao-He)

3. **Defendant Shenzhen Xinjianhe Technology Co., Ltd.**
   - tuilianlun@163.com (registered with Shenzhen Xinjianhe's PayPal account and also registered with Yinji Selling Account)
   - phmn9y3v@outlook.com (registered with Shenzhen Xinjianhe's Linktree social media account and also registered with Miao-He Selling Account)

*See* Proposed Order. Plaintiffs will use the online service RPost (www.rpost.com), which provides proof of authorship, content, delivery, and receipt. Commerson Decl. ¶ 11. Following the Court's approval, Plaintiffs will provide the Court with confirmation of completed service by email.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court authorize Plaintiffs to serve Defendants by registered email through certain email addresses associated with their Selling Accounts as identified above and in the Proposed Order.

DATED this 24th day of April, 2024.

*I certify that this memorandum contains 3,862 words, in compliance with the Court's Order permitting an over-length brief. See Dkt. 38.*

PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 12
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

<u>s/ Scott Commerson</u>
Scott Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com
PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE - 13
(2:22-cv-00840-MJP-MLP)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax